**In re CHARLES RIVER BOOKS, INC., Debtor.**

**Bankruptcy No. 82–01694–JG.**

United States Bankruptcy Court, D. Massachusetts.

Aug. 1, 1984.

Gerald D. Rosen, Richmond, Rosen, Crossen & Resnek, Boston, Mass., for debtor.

Howard Bryant, for creditor.

## MEMORANDUM

JAMES N. GABRIEL, Bankruptcy Judge.

Howard Bryant ("Bryant"), a former employee of Charles River Books, Inc. ("Charles River" or "the debtor") filed a proof of claim in this case in the amount of $4119.20 for out of pocket expenses incurred on behalf of Charles River during 1981 and 1982. The debtor objected to the claim and an evidentiary hearing was held on April 18, 1984. Based upon the testimony and documentary evidence, I find the following facts.

Bryant commenced employment with Charles River in 1979 as an independent contractor. In 1981 his status changed to that of a salaried employee and he continued to work there until September 1982 when the company filed its chapter 11 petition. During the time of his employment he was authorized by the company's president, Bruce Comjean ("Comjean") to incur expenses on behalf of the company. He was reimbursed on a monthly basis until the beginning of 1982.

Specifically, Bryant claims that he is entitled to reimbursement for the following expenses:

Reproduction—$268.69
Art Supplies—$853.42
Stationery—$150.80
Business Trips for Calendars—$2347.05
Book covers, Promotions—$499.24

The $4119 sought represents expenses incurred from the fall of 1981 to the filing date in September 1982. There is no dispute that $1500 in expenses incurred in 1982 are reimburseable. The sole question is whether the debtor owes $2600 for 1981 expenses.

The debtor was unable to rebut the prima facie validity of the proof of claim, see Bankruptcy Rule 3001(f), except with respect to one charge. All of Bryant's invoices for both 1981 and 1982 and his testimony support the priority of the expenses for supplies, reproduction, stationery, and promotions, and the Washington trips.

The debtor did raise a valid objection, however, to the travel expenses for the San Francisco trip. There was a direct conflict in the testimony on this issue. Bryant testified that Comjean agreed to pay his air fare to San Francisco. Comjean stated that in a conversation with Bryant he

agreed to pay only Bryant's expenses while in California, and not the air fare, because a central purpose of Bryant's trip was to visit relatives, which Bryant does not dispute. Bryant did devote some time to company business while in California in selecting photos for a 1983 calendar. I find that the agreement was that Charles River did not agree to pay Bryant's air fare, and therefore $360 cost of air fare shall be deducted from that allowable proof of claim. Otherwise, Bryant has substantiated the propriety of the charges and the debtor has failed to sustain the objection. The claim is allowed in the amount of $3759.20.